ACCEPTED
04-15-00042-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/12/2015 5:00:26 PM
KEITH HOTTLE
CLERK

No. 04-15-00042-CV

In the Court of Appeals
for the Fourth Judicial District
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/12/2015 5:00:26 PM
KEITH E. HOTTLE
Clerk

TEXAS DEPARTMENT OF STATE HEALTH SERVICES,

*Appellant,*

v.

AMY W. ROCKWOOD

*Appellee.*

On Interlocutory Appeal from Cause No. 2011CI-04447
in the 166th District Court of Bexar County, Texas

## APPELLANT'S REPLY BRIEF

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney
General

JAMES E. DAVIS
Deputy Attorney General
for Civil Litigation

ANGELA V. COLMENERO
Chief - General Litigation
Division

DREW L. HARRIS
Assistant Attorney General
State Bar No. 24057887

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667

Drew.Harris@texasattorneygeneral.gov

COUNSEL FOR APPELLANT

## SUMMARY OF ARGUMENT

Amy Rockwood makes three incorrect arguments in her Appellee Brief. First, regarding the *prima facie* element of being "qualified" to do her job, Rockwood argues she was "qualified" in August 2009, but notably does <u>not</u> contend that she was "qualified" at the relevant time of her adverse employment action in October 2009.

Second, Rockwood relies upon the novel argument—not recognized by the courts—that her employer had the affirmative burden under disability accommodation law to proactively "inquire" with the employee's doctor without the employee ever providing any medical forms or consent.

Third, Rockwood argues she can meet the *prima facie* element of causation solely by showing temporal proximity of two-months-and-a-week—despite both Texas and federal courts holding that such temporal proximity alone is insufficient to show a causal link on summary judgment—where Rockwood has the burden to show "but-for" causation.

Appellant Texas Department of State Health Services ("DSHS") contends all of these arguments are wrong, but if this Court agrees that any of these three faulty arguments are incorrect, the Court should

2

reverse the denial of the plea to the jurisdiction on the appropriate claims.

**ARGUMENT**

### A. Rockwood Does Not Dispute She Was Not "Qualified" to Work at the Time of Her Adverse Employment Action.

Rockwood asserts that she was a "qualified individual with a disability" because, prior to August 2009, she was "rated a '3' Competent to perform her duties," and she was still able to perform her duties in August 2009 despite lacking a rubber mat and chair. *See* Appellee Br. at 15. But it is undisputed that after her September 4, 2009 car accident, Rockwood was completely incapable of performing her essential job functions. CR.47 at 44:7-12; 141:13-20.

At the time that mattered—at her October 13, 2009 termination—there is no dispute that Rockwood was not "qualified" to perform the essential requirements of her job. *See Turco v. Hoechst Celanese Corp.,* 101 F.3d 1090, 1093 (5th Cir. 1996). In *Turco*, even though the employee might have at one time been healthy and qualified, the Court of Appeals held that because his diabetes caused him to not be able to safely perform his essential job functions, he was "unqualified," and summary judgment was warranted. *Id.* at 1094.

3

Here, Rockwood must show that she was "qualified" at the relevant time as an initial *prima facie* requirement for bringing any sort of disability discrimination claim under Chapter 21 of the Labor Code. *Davis v. City of Grapevine,* 188 S.W.3d 748, 757 (Tex. App.-Fort Worth 2006, pet. denied). Because Rockwood cannot meet this *prima facie* element, she cannot bring a Chapter 21 claim.

## B. Rockwood Creates New "Interactive Process" Requirements for Employers Not Recognized by Any Court.

As an initial matter, because Rockwood did not make a proper disability accommodation request, DSHS was not under an obligation to participate in the interactive process. As the Fifth Circuit explained:

> [O]nce an accommodation is ***properly requested***, the responsibility for fashioning a reasonable accommodation is shared between the employee and employer. Thus, it is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one. ***If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one.***

*Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) (emphasis added). Even Rockwood acknowledges that she did not submit a formal accommodation request until after her October 2009

4

termination. *See* Appellee Br. at 9 ("Appellee submitted a formal reasonable accommodation request on March 12, 2010 …..").

But even assuming DSHS was required to engage in an "interactive process," DSHS fulfilled its burden because Safety Officer Martha Fritz tried repeatedly to meet with Rockwood in August 2009 to perform an ergonomic workplace assessment, and Fritz even sought a temporary remedy for Rockwood. CR.106 at ¶ 7. Rockwood responds in her Appellee Brief by creating new requirements for employers regarding the interactive process.

Rockwood implicitly asks this Court to create new law imposing a requirement on employers to proactively inquire with disabled employees' physicians about their possible health needs. Rockwood argues: "The Appellant's failure to further inquire with Appellee's physician and to accommodate Appellee concerning her request for a rubber mat and ergonomic chair constitutes a violation of the Act." Appellee Br. at 19.

Rockwood notably does not explain how DSHS would even know who her physician was, or how DSHS could get around medical privacy laws to talk to Rockwood's physician.

Rockwood cites *Cutrera v. Board of Sup'rs of Louisiana State University*, 429 F.3d 108, 112 (5th Cir. 2005), as supposed authority that "the employer is required to … consult with the employee's physician." Appellee Br. at 19. However, *Cutrera* contradicts this, noting that in general, "it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed." 429 F.3d at 12. Moreover, *Cutrera* is readily distinguishable, since there the employer "refused to discuss any steps that could be taken to accommodate her disability, and instead terminated her immediately." *Id.* In contrast, here Ms. Fritz repeatedly tried to discuss steps that could be taken, and the main reason Ms. Fritz was unsuccessful in her efforts was that after Rockwood's September 4, 2009 car accident, Rockwood never returned to work. CR.102, at ¶ 6.

Here, the "responsibility for breakdown of the interactive process is traceable to the employee." *Hagood v. County of El Paso*, 408 S.W.3d 515, 526 (Tex. App.–El Paso 2013, no pet.) (affirming summary judgment). Accordingly, summary judgment on the reasonable accommodation claim is warranted.

**C.** **Rockwood Cannot Rely Upon Temporal Proximity Alone to Show "But-For" Causation.**

Under either her discrimination or retaliation claim, Rockwood must show "but-for" causation. *Davis*, 188 S.W.3d at 757; *Hagood*, 408 S.W.3d at 526. Moreover, Rockwood "must rebut *each* nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (emphasis added).

With respect to the leave exhaustion reason—which Rockwood does not factually dispute—Rockwood's only response is that "she believed that reason was pretextual." *See* Appellee Br. at 22. It is well-established that personal beliefs are insufficient to create a fact issue as to pretextual discrimination or retaliation. *See e.g., Britt v. The Grocer's Supply Co. Inc.*, 978 F.2d 1441, 1451 (5th Cir. 1992).

The only other argument for causation Rockwood puts forward is the "temporal proximity" between the August 5, 2009 request and her October 13, 2009 termination, which amounts to a little over two-months-and-a-week gap. *See* Appellee Br. at 21. However, a very recent 2015 Texas Court of Appeals case noted that "gap of about two months and one week between the protected activity and the adverse action was insufficient by itself to infer a causal link." *Texas Parks and Wildlife*

*Dept. v. Gallacher*, 2015 WL 1026473, *7 (Tex. App.—Austin, March 4, 2015). Recent federal law similarly found that two-months-and-a-week was insufficient by itself to show causation. *Amsel v. Texas Water Dev. Bd.*, 464 Fed. Appx. 395, 402 (5th Cir. 2012) (noting that "timing alone will not always be enough for a *prima facie* case").

Accordingly, Rockwood has not met her burden in rebutting the legitimate reasons for termination—and she has not even set forth a *prima facie* causation showing to the extent she is relying upon a two-month-and-a-week timeframe. *Gallacher*, 2015 WL 1026473, *7. Thus, summary judgment on the issue of causation is warranted.

### CONCLUSION

The Court should reverse the trial court's denial of the Plea to the Jurisdiction, and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief, General Litigation Division

8

***/s/ DREW L. HARRIS***
DREW L. HARRIS
Assistant Attorney General
State Bar No. 24057887
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2120 / (512) 320-0667 FAX
drew.harris@texasattorneygeneral.gov

**ATTORNEYS FOR APPELLANT TEXAS DEPARTMENT OF STATE HEALTH SERVICES**

## CERTIFICATE OF SERVICE

On May 12, 2015, the foregoing was served via certified mail, return receipt request, upon:

R. Chris Pittard
FORTE & PITTARD, P.P.L.C.
*Counsel for Appellee*

***/s/ Drew Harris***
DREW HARRIS

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this Appellant's Reply Brief contains 1,504 words.

***/s/ Drew Harris***
DREW HARRIS